IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GUY J.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 20-2846** |
| v. | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Guy J. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**,

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

On May 4, 2018, Plaintiff protectively filed an application for DIB, alleging disability beginning on March 30, 2015.  R. at 13.  After the Commissioner denied Plaintiff's claim initially and on reconsideration, he requested a hearing.  R. at 13.  On September 3, 2019, Administrative Law Judge ("ALJ") Jeffrey M. Jordan held a hearing in Salisbury, Maryland, where Plaintiff and a vocational expert ("VE") testified.  R. at 31-53.  The ALJ thereafter found on September 26, 2019, that Plaintiff was not disabled from March 30, 2015, through the date of the ALJ's decision.  R. at 10-30.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since March 30, 2015, and that he had severe impairments.  R. at 15-18.  He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 18-19.

> The ALJ then found that Plaintiff had the residual functional capacity ("RFC")
>
> to perform sedentary work as defined in 20 CFR 404.1567(a).  Further, [Plaintiff] is limited to lifting and carrying from waist to chest level.  [Plaintiff] has to avoid pushing and pulling.  [Plaintiff] can walk no longer than one block at a time on a flat, even surface.  [Plaintiff] can stand no longer than 15-30 minutes at a time before having to sit, and sit no longer than 30 minutes before standing a few minutes.  [Plaintiff] has to avoid crawling, kneeling, and climbing ladders, ropes, and scaffolds, but can perform other postural movements on an occasional basis.  [Plaintiff] has to avoid fast-paced tasks, such as assembly line jobs involving production quotas.  Also, [Plaintiff] is limited to frequent fingering, grasping, handling, and reaching.  [Plaintiff] has to avoid working around hazards such as moving dangerous machinery and unprotected heights.

R. at 20.³  In light of this RFC assessment and the VE's testimony, the ALJ found that, although Plaintiff could not perform his past relevant work, he could perform other in the national economy, such as an addressing clerk, telephone order clerk, or call-out operator.  R. at 24-25.  The ALJ thus found that Plaintiff was not disabled from March 30, 2015, through September 26, 2019.  R. at 25-26.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on October 1, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

---

³ "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

### IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-10, ECF No. 12-1. Plaintiff also asserts that the ALJ erroneously evaluated his subjective complaints. *Id.* at 10-14. For the following reasons, Plaintiff's contentions are unavailing.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 12-1. In particular, he argues that the ALJ failed to perform a function-by-function assessment of his work-related abilities and "instead simply concluded that [he] was capable of performing sedentary work." *Id.* Plaintiff then contends that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported *each conclusion*, citing specific medical facts and nonmedical evidence." *Id.* at 7-8. The ALJ, however, found:

> Giving [Plaintiff] some credit regarding his assertions, the undersigned finds that [Plaintiff] is capable of sedentary work, with the need for alternating between sitting and standing for comfort. Further, because of his back pain, he has to avoid pushing, pulling and working around hazards such as moving dangerous machinery and unprotected heights. He can walk no longer than one block at a time on a flat, even surface. He must also avoid crawling, kneeling, and climbing ladders, ropes, and scaffolds, but can perform other postural movements on an occasional basis. Additionally, giving some credit to his allegations of pain, he has to avoid fast-paced tasks, such as assembly line jobs involving production quotas.

R. at 21.

"Without pointing to any specific error in suggesting that the RFC was erroneous, Plaintiff's arguments merely request this Court to review the RFC generally. In essence, Plaintiff simply seeks a reweighing of the evidence, which is not within the purview of this Court." *Timothy K. v. Kijakazi*, No. 8:20-CV-02975-JMC, 2021 WL 5395991, at *3 (D. Md. Nov. 18, 2021) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "Consequently, the Court notes the general sufficiency of the ALJ's RFC analysis which included the requisite narrative discussion for an appropriate function-by-function assessment." *Id.* The ALJ provided a four-page narrative as to Plaintiff's RFC in which he summarized Plaintiff's medical evidence, hearing testimony, and reported activities of daily living and work history; made a credibility determination; and weighed the opinion evidence. R. at 21-24. This evidence was linked to Plaintiff's ability to stand, walk, finger, grasp, handle, and reach. R. at 21-23, 24. "Thus, contrary to Plaintiff's broad contention, the ALJ provided a narrative discussion identifying evidence supporting his conclusion, thereby building a logical bridge from the evidence to the conclusion. Therefore, Plaintiff's argument is without merit." *Timothy K.*, 2021 WL 5395991, at *3.

Plaintiff then asserts that the ALJ applied an improper standard in evaluating his subjective complaints of pain. He contends that the ALJ "erroneously required [him] to prove

the type and degree of his subjective complaints by objective medical evidence, and determined that he had not done so." Pl.'s Mem. Supp. Mot. Summ. J. 13, ECF No. 12-1. The Fourth Circuit recently reiterated the standard used by ALJs to evaluate a claimant's symptoms:

> When evaluating a claimant's symptoms, ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. At this step, objective evidence is *not* required to find the claimant disabled. SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques." Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them.

*Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (alteration in original) (citations omitted). "However, while a lack of corroborating objective evidence may not be the *sole* reason an ALJ discounts a claimant's complaints, it is generally appropriate for an ALJ to consider inconsistencies between a claimant's complaints and the available objective evidence." *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing 20 C.F.R. § 416.929).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 20. The ALJ found that, "[o]verall, there is objective evidence of abnormalities. However, they have not been of a level of severity to be fully consistent with [Plaintiff's] assertions." R. at

21. The ALJ also considered Plaintiff's activities of daily living as reported on examination, his work history, and the opinion evidence. R. at 23. "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Plaintiff's] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). Rather, "the ALJ considered multiple factors in discounting Plaintiff's subjective symptoms." *Kenneth L.*, 2021 WL 4198408, at *3. "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Plaintiff's] symptoms, [his] argument is without merit." *Jai P.*, 2021 WL 424469, at *2; *see Timothy K.*, 2021 WL 5395991, at *3.

The ALJ thus built "an accurate and logical bridge from the evidence to his conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock*, 667 F.3d at 472. When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision. *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Because substantial evidence in the record supports the decision of the ALJ, who applied the correct legal standards here, the Court affirms the Commissioner's final decision.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 12) are **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: December 20, 2021                                  /s/
                                                   Thomas M. DiGirolamo
                                                   United States Magistrate Judge